UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARNOLD PALMER ENTERPRISES, INC.<br>IMG Center<br>1360 East Ninth Street, Suite 100<br>Cleveland, Ohio 44114<br><br>Plaintiff<br><br>v.<br><br>PG-USA APPAREL, INC.<br>550 S. Wadsworth Boulevard, Suite 200<br>Lakewood, Colorado 80226<br><br>and<br><br>PG-USA, INC.<br>550 S. Wadsworth Boulevard, Suite 200<br>Lakewood, Colorado 80226<br><br>and<br><br>JOHN DOES (1-20)<br>(Addresses unknown)<br><br>Defendants | CASE NO.: 05CV2404<br><br>JUDGE: JUDGE BOYKO<br><br>COMPLAINT FOR BREACH OF<br>CONTRACT AND FRAUD<br><br>(Jury Demand Endorsed Hereon)<br><br>MAG. JUDGE VECCHIARELLI |

Plaintiff, Arnold Palmer Enterprises, Inc. ("Plaintiff"), for its Complaint against Defendants PG-USA Apparel, Inc. ("PG-USA Apparel"), PG-USA, Inc., and John Does (1-20) ("Defendants"), states the following:

**NATURE OF THE ACTION**

1. This is an action based upon the Defendants' numerous breaches of contract and its acts of fraud. Defendants are contractually bound under the terms of a licensing agreement to develop and promote the Arnold Palmer line of apparel, but they have failed to do

so and have repudiated their duties to do so in the future, including their obligation to pay royalties owed to Plaintiff under the licensing agreement. Defendants fraudulently induced Plaintiff to enter into the licensing agreement by submitting financial information for an entity Defendants knew would not be the contracting party to the licensing agreement, and by at the last minute pulling a "bait and switch" and substituting a shell entity they knew did not have the financial resources to perform the licensee's obligations under the licensing agreement.

## PARTIES

2. Plaintiff is an Ohio corporation with its principal place of business at IMG Center, 1360 East Ninth Street, Suite 100, Cleveland, Ohio 44114. Among other things, Plaintiff is in the business of licensing the right to use Arnold Palmer's name and likeness.

3. Defendant PG-USA Apparel is a Colorado corporation with its principal place of business at 550 S. Wadsworth Boulevard, Suite 200, Lakewood, Colorado 80226. Upon information and belief, PG-USA Apparel was incorporated in Colorado on October 22, 2003, solely to handle the Arnold Palmer apparel line at issue.

4. Defendant PG-USA, Inc. is a Colorado corporation with its principal place of business at 550 S. Wadsworth Boulevard, Suite 200, Lakewood, Colorado 80226. PG-USA, Inc. is also in the business of designing and selling golf apparel and related items, uses the "Tehama" tradename along with PG-USA Apparel and, upon information and belief, shares officers, directors and/or shareholders with PG-USA Apparel.

5. Upon information and belief, Defendants John Does (1-20) are the shareholders, parent corporations, sister corporations, affiliated corporations, officers and/or directors of PG-USA Apparel and/or PG-USA, Inc. who participated in or conspired to perform the fraudulent acts described herein, and/or who otherwise are liable for the wrongful conduct

described herein under principles that allow Plaintiff to "pierce the corporate veil." At this time, Plaintiff is ignorant of the true names of these individuals and/or entities, but will supply the true names of the individuals and/or entities, as required by the Federal Rules of Civil Procedure, when the true names of these individuals and/or entities become available.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332 since there exists a complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Defendants sent, or caused to be sent, false and misleading financial information into the state of Ohio, thus committing a tort within the state which caused injury in the state. Defendants also contracted with an Ohio corporation in Ohio to provide goods and services in this state, and transacted business within the state. Therefore, Defendants are subject to personal jurisdiction in this Judicial District on grounds that include, but are not limited to, those set forth in O.R.C.§2307.382(A)(1), (2), (3), (4), (6) and (7).

8. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) since Defendants reside here, and under § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## COUNT ONE
(Breach of Contract – All Defendants)

9. Plaintiff incorporates herein all allegations and averments set forth in paragraphs 1 through 8 above.

10. Plaintiff entered into an exclusive license agreement with Defendants on November 26, 2003 (the "Agreement") for the exclusive right to use the name, signature, likeness and endorsement of professional golfer, Arnold Palmer, in the United States in

connection with the manufacture, advertisement, distribution and sale of the Arnold Palmer apparel line. The apparel line was supposed to consist of activewear and casual sportswear as well as tailored apparel ("Arnold Palmer Line" or "Line").

11. The Agreement is a valid and binding contract between Plaintiff, on the one hand, and Defendants, on the other hand. Plaintiff has performed all of its obligations thereunder.

12. The Agreement contains several provisions requiring Defendants to design, manufacture, sell and promote the Arnold Palmer Line. For instance, Paragraph 2(b) of the Agreement obligates Defendants to "at all times design, manufacture, advertise, promote and sell [the Arnold Palmer Line] as a cohesive and integrated 'collection' of apparel products."

13. Similarly, Paragraph 8(a) of the Agreement obligates Defendants to use their "diligent efforts to actively and aggressively promote the sale of [the Arnold Palmer Line] throughout the Contract Territory."

14. Further, on May 28, 2004, Plaintiff and Defendants entered into an amendment to the Agreement which allowed Defendants to sublicense certain mutually agreed upon obligations of Defendants to Block Corporation ("Block"). Defendants expressly agreed in Paragraph 1, however, that it "will continue to be[,] Company's sole and exclusive obligation to design, advertise and market the Licensed Products."

15. The Agreement also obligates Defendants to make certain guaranteed minimum royalty payments in addition to paying "earned royalties" from the sale of the Arnold Palmer Line.

16. Additionally, Defendants have implied duties under the Agreement to diligently design, manufacture, sell and promote the Arnold Palmer Line within a reasonable

4

period of time after obtaining the license. Plaintiff granted Defendants an exclusive license to use the highly-valuable Arnold Palmer name and likeness in this manner and relied on Defendants to exploit that exclusive right to generate revenue.

17. Defendants have breached the Agreement in at least the following ways:

a) by failing to make the $100,000 installment of its guaranteed minimum royalty payment that was due on July 1, 2005;

b) by failing to design or manufacture any saleable products, and failing to generate even a single sale of the Arnold Palmer Line;

c) by failing to adequately promote the Arnold Palmer Line, even failing to do so at the largest golf industry trade show or on Defendants' websites;

d) by delegating primary design responsibility to Block; and

e) by repudiating its duties to perform prospectively.

18. Defendants' breaches have proximately caused Plaintiff to suffer damages as follows: lost guaranteed minimum royalties in the amount of $1.9 million; lost "earned royalties" in the amount of at least $10 million; permanent damage to the Arnold Palmer brand in at least the amount of $5 million; and lost royalties from other Arnold Palmer licenses that suffered as a result of the absence of an Arnold Palmer Line in an amount to be determined at trial.

19. PG-USA, Inc. is liable for these breaches of contract and resulting damages for at least the following reasons:

a) PG-USA, Inc. controls PG-USA Apparel so completely that PG-USA Apparel has no separate mind or existence;

b) PG-USA, Inc. used PG-USA Apparel as a mere instrumentality for the transaction of its own affairs without regard to PG-USA Apparel's separate corporate existence;

c) PG-USA, Inc.'s control over PG-USA Apparel was exercised in a manner as to commit fraud or other wrongs against Plaintiff because PG-USA, Inc. caused material financial misstatements to be sent to Plaintiff, and omitted disclosing material facts it was required to disclose, as further described below, and because PG-USA Apparel was undercapitalized for the activities it purported to contractually undertake;

d) PG-USA, Inc.'s control over PG-USA Apparel caused Plaintiff injury in the form of economic loss because Plaintiff relied on the false and misleading financial information PG-USA, Inc. caused to be sent to Plaintiff, as well as the omissions of material facts, and because PG-USA Apparel did not have the resources to perform its obligations under the Agreement; and

e) Upon information and belief, the two entities co-mingle funds; do not adhere to corporate formalities; share resources, officers, directors and/or shareholders; jointly use the "Tehama" brand name; and otherwise are "alter egos" of each other.

## COUNT TWO
### (Common Law Fraud – All Defendants)

20. Plaintiff incorporates herein all allegations and averments set forth in paragraphs 1-19 above.

21. The Agreement was executed after Plaintiff spent considerable time, effort and money researching the expertise and resources of the potential licensees in order to take full

6

advantage of the market power and heightened popularity of world famous professional golfer Arnold Palmer over the life of the Agreement.

22. In September 2003, before the Agreement was entered into, Plaintiff requested certain financial information from representatives of Defendants, as the potential licensees, to insure the viability of the contracting party as an entity and its ability to perform its obligations under the Agreement. Plaintiff required that Defendants complete a Prospective International License Application. Defendants listed "PG-USA, Inc." under the heading "Legal Company Name" as the name of the entity that would be entering into the licensing agreement.

23. Defendants sent financial information into Ohio, or caused to have financial information sent into Ohio, that contained representations as to PG-USA, Inc.'s solid financial standing. This information included several letters from financial institutions that indicated PG-USA, Inc. was in sound financial shape and had the resources to perform the licensee's obligations under the Agreement.

24. Upon information and belief, Defendants incorporated PG-USA Apparel on October 22, 2003 to be the corporate entity to handle the Arnold Palmer license.

25. On November 25, 2003, one day before the Agreement was signed, Defendants sent a false and misleading electronic communication to Plaintiff's headquarters in Ohio indicating that the correct name of the licensee was "PG-USA Apparel, Inc." Defendants intentionally failed to disclose material facts Defendants were required to disclose, including that the financial information it previously sent to Plaintiff was for a different entity and was inapplicable to this entity, that this entity had few or no assets, and that this entity did not have the financial resources to fulfill the licensee's obligations under the Agreement. Defendants had a duty to disclose such material facts, among other reasons, to correct its prior statements.

26. Plaintiff justifiably relied on Defendants' false and misleading material information and omissions in deciding to enter into the Agreement.

27. Defendants knew that the financial information sent to Plaintiff in September 2003 contained false and misleading information because it contained information for a separate entity (PG-USA, Inc.) – with a remarkably similar name that involved the same principals and also used the trade name "Tehama" – that Defendants knew at this time would not be the corporate entity to enter into the Agreement. Defendants knew they properly should have submitted financial information for PG-USA Apparel, but that PG-USA Apparel's financial condition would be unacceptable to Plaintiff.

28. Defendants made the false and misleading statements of material fact, and failed to disclose other material facts they were required to disclose as described herein, with the intent to deceive Plaintiff into entering into the Agreement. Defendants knew Plaintiff would not have entered into the Agreement with an entity (PG-USA Apparel) that had only existed for approximately a month and that had limited or no financial resources which would make it unable to perform its obligations under the Agreement, including its obligations to pay guaranteed minimum royalties and to perform its various duties under the Agreement to design, manufacture, sell and promote the Line.

29. Defendants have recently informed Plaintiff that PG-USA Apparel does not have the assets to satisfy its obligations under the Agreement and may in fact have no assets.

30. Defendants' fraudulent acts have proximately caused Plaintiff to suffer damages in at least the amount of $20 million. Because Defendants' actions were taken with ill will, spite and malice, Plaintiff is also entitled to punitive damages in the amount of at least $20 million.

WHEREFORE, Plaintiff asks that this Court grant the following relief:

1. Award Plaintiff compensatory damages on Count One in the amount of at least $20 million, plus interest thereon at the maximum rate permitted by law.

2. Award Plaintiff compensatory damages on Count Two in the amount of at least $20 million, plus punitive damages of at least $20 million, and interest thereon at the maximum rate permitted by law.

3. Award Plaintiff its costs of this action, its attorneys' fees, and such other and additional relief to which it may be entitled.

/s/ Joseph A. Castrodale
Joseph A. Castrodale (#0018494)
ULMER & BERNE LLP
Penton Media Building
1300 East Ninth Street, Suite 900
Cleveland, Ohio 44114-1583
(216) 931-6000
(216) 931-6001 (Fax)
jcastrodale@ulmer.com

Attorneys for Plaintiff Arnold Palmer Enterprises, Inc.

Of Counsel:

Thomas L. Anastos (#0043545)
Jake Yanchar (admitted in New York)
ULMER & BERNE LLP
Penton Media Building
1300 East Ninth Street, Suite 900
Cleveland, Ohio 44114-1583
(216) 931-6000
(216) 931-6001 (Fax)
tanastos@ulmer.com
jyanchar@ulmer.com

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

_____
Joseph A. Castrodale
Attorneys for Plaintiff Arnold Palmer
Enterprises, Inc.

1505155.1